# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-51343
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 4, 2017

Lyle W. Cayce
Clerk

WELLS FARGO BANK, NATIONAL ASSOCIATION, as Trustee for SABR
Trust 2004-OPI, Mortgage Pass-Through Certificates, Series 2004-OPI,

> Plaintiff - Appellee

v.

MARIO A. MATA; LILY C. MATA,

> Defendants - Appellants

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:14-CV-909

---

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:*

    Defendants-Appellants Mario A. Mata and Lily C. Mata appeal the district court's final judgment permitting Plaintiff-Appellee Wells Fargo Bank, National Association, as Trustee for SABR Trust 2004-OPI, Mortgage Pass-Through Certificates, Series 2004-OPI ("Wells Fargo") to foreclose on certain

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-51343

real property, located at 2804 Hubbard Circle, Austin, Texas 78746, more specifically described as:

> FIELD NOTES DESCRIBING 0.568 ACRES OF LAND, MORE OR LESS, A PART OF THE HENRY P. HILL LEAGUE, TRAVIS COUNTY, TEXAS, BEING THAT SAME TRACT OF LAND DESCRIBED AS 0.568 ACRES OF LAND IN VOLUME 846, PAGE 551, DEED RECORDS TRAVIS COUNTY, TEXAS.

In brief, Mr. Mata executed a note in the principal amount of $380,000 on December 3, 2003, secured by granting a security interest on the property described above. The terms of the note specified that failure to pay the full monthly amount due on the note constitutes default and permits the acceleration of all sums secured by the security instrument. Mr. Mata first defaulted in 2009, and Wells Fargo notified him of its intent to accelerate. Wells Fargo then initiated its first foreclosure proceeding in state court in 2009, but it abandoned the suit in 2010 by filing a motion for nonsuit.

On April 9, 2010, Wells Fargo sent a second notice of acceleration and filed a second foreclosure proceeding in state court on April 27, 2010. Wells Fargo again abandoned this second acceleration by filing a motion for nonsuit on October 13, 2010. On September 24, 2014, Wells Fargo sent a third notice of acceleration and filed this foreclosure proceeding in federal court on October 1, 2014.

Wells Fargo filed a motion for summary judgment permitting it to foreclose on the property, and the Matas objected, citing a number of reasons. In a carefully reasoned order issued on October 12, 2016,[1] the district court determined that Wells Fargo did in fact have the right to foreclose and that none of the Matas' objections are valid. It issued a final judgment to that effect, and the Matas timely appealed.

---

[1] *Wells Fargo Bank v. Mata*, No. A-14-CA-00909-SS, 2016 WL 7616627 (W.D. Tex. Oct. 12, 2016).

2

No. 16-51343

The Matas raise a single issue: whether Wells Fargo's right to foreclose was barred by the four-year statute of limitations under TEX. CIV. PRAC. & REM. CODE § 16.035(a). That period runs from the time a note is accelerated, but Texas law provides that a noteholder may abandon acceleration "by agreement or other action of the parties," essentially resetting the statute of limitations.[2] The Matas argue that Wells Fargo's October 13, 2010, motion for nonsuit was legally insufficient to evidence abandonment, so the clock continued to run and in fact expired before Wells Fargo filed this third suit on October 1, 2014.

We reject this argument essentially for the same reasons as the district court. The district court noted that the Matas acknowledge that Wells Fargo's first motion for nonsuit was sufficient to abandon its acceleration, yet inconsistently argue that Wells Fargo's second motion for nonsuit was insufficient to accomplish the same thing. Texas law is clear that a plaintiff has an absolute right to abandon a suit at any time before trial under TEX. R. CIV. P. 162, and the Matas have cited no authority for restricting that right in any way with respect to Wells Fargo's second abandonment in 2010.[3] Accordingly, Wells Fargo's second abandonment was sufficient to restart the clock, and this foreclosure proceeding was timely filed less than four years later.

The judgment of the district court is AFFIRMED.

---

[2] *Id.* at *3 (quoting *Khan v. GBAK Properties, Inc.*, 371 S.W.3d 347, 353 (Tex. App.—Houston [1st Dist.] 2012, no pet.)).

[3] We also agree with the district court's conclusion that the Matas failed to provide sufficient evidence to support their alternative theory that the second abandonment was ineffective because they had objected to Wells Fargo's motion for nonsuit or detrimentally relied on the notice of acceleration. *Id.* at *4.

3